UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

BRIAN D. KELLY, CIVIL NO. 03-6091 (DWF/JSM)

Plaintiff,

v. ORDER

AMAN COLLECTION SERVICES, et al.,

Defendants.

JANIE S. MAYERON, U.S. Magistrate Judge

The above matter came on before the undersigned upon plaintiff's Motions Presenting Discovery Disputes dated May 17, 2006 [Docket No. 185]; plaintiff's Formal Request for Court Mandate/Order to Show Cause Regarding Sanctions against Defendant Aman and its Representatives from Faegre & Benson, LLP [Docket No. 208]; and defendant Aman Collection Services Motion to Strike [Docket No. 212]. The motions were decided by the Court on the papers.

The Court, being duly advised in the premises, upon all of the files, records, and proceedings herein, now makes and enters the following Order.

**IT IS HEREBY ORDERED that:**

1. Plaintiff's Motions Presenting Discovery Disputes dated May 17, 2006 [Docket No. 185] and defendant's request for attorney's fees and costs are **DENIED**;

2. Plaintiff's Formal Request for Court Mandate/Order to Show Cause Regarding Sanctions against Defendant Aman and its representatives from Faegre & Benson, LLP [Docket No. 208] is **DENIED**; and

3. Defendant Aman Collection Services Motion to Strike [Docket No. 212] is **DENIED** as moot.

Dated: January 5, 2007

s/ *Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

**MEMORANDUM**

**I. PLAINTIFF'S MOTIONS PRESENTING DISCOVERY DISPUTES DATED MAY 17, 2006**[1]

Plaintiff has asked for an order from this Court deeming that his third request for admissions and interrogatories as admitted due to what he claims is Aman's failure to respond to his third set of discovery requests within the thirty days allotted by the Federal Rules of Civil Procedure. See Plaintiff's Motion Presenting Discovery Disputes Dated May 17, 2006 ("Pl.'s Discovery Mem.") at pp. 1-2. Plaintiff has also requested an order from this Court to "provide access to documents specifically requested in discovery." Id. at p. 2. Finally, plaintiff seeks an order extending the discovery deadline in this case by six months.

In response, Aman argued that it had no obligation to answer plaintiff's discovery at issue, as it was not commenced to be completed by the discovery deadline set by this Court in its Amended Pretrial Scheduling Order, and that regardless, it had provided timely responses to plaintiff's discovery requests. See Aman Collection Services' Discovery Memorandum in Response to Plaintiff's Motions Presenting Discovery Disputes Dated May 17, 2006 ("Def.'s Discovery Opp. Mem.") at pp. 1-2. Aman also challenged plaintiff's motion to compel production of documents on the grounds that

1 Plaintiff also sought as a part of this Motion, an order enforcing the Offer of Judgment filed by Aman on June 29, 2006 that he claims he accepted on July 7, 2006. This request is denied because this Court concluded in its January 5, 2006 Report and Recommendation issued contemporaneously with this Order that plaintiff did not accept Aman's Offer of Judgment, and accordingly, recommended that Aman's Second Motion to Dismiss be granted.

plaintiff failed to comply with the Rules 37.1 and 37.2 of Local Rules for the District of Minnesota. Id. at p. 3. As to plaintiff's motion to extend the discovery deadline, Aman asserted that plaintiff has failed to show any extraordinary circumstances as to why the Amended Pretrial Scheduling Order should be amended. Id. at p. 2.

The Amended Pretrial Scheduling Order [Docket No. 134] in this case provides in relevant part, "all fact discovery of any kind shall be commenced in time to be completed by [May 1, 2006]." Under the Federal Rules of Civil Procedure, a party who is served interrogatories or requests for admission shall serve a copy of objections or answers within 30 days of the discovery requests. See Fed. R. Civ. P. 33(b)(3), 36(a). If a party serves a pleading on an opposing party by mail, then an extra 3 days are added to the 30 days given to a party to respond to discovery requests. See Fed. R. Civ. P. 6(e). In this case, plaintiff's third set of discovery was served on Aman by mail on March 31, 2006. See Def.'s Discovery Opp. Mem. at p. 2; see also Declaration of Erik Girvan, Ex. A (May 10, 2006 email from Girvan to Kelly). As such, Aman's responses to plaintiff's third set of discovery was due on May 3, 2006. Aman served its response to plaintiff's third set of discovery on May 2, 2006. Id. Consequently, Aman's response to plaintiff's discovery was timely and plaintiff's request that his request for admissions and interrogatories be deemed as admitted is denied.[2]

As to plaintiff's motion to "provide access to documents specifically requested in discovery," this Court denies plaintiff's motion since plaintiff has not identified the requests for production of documents at issue, let alone provides a verbatim recitation

---

2 This Court notes that even if Aman had not responded to plaintiff's third set of discovery, this Court would have denied plaintiff's requested relief as this discovery was not commenced in time to be completed by May 1, 2006, as dictated by this Court's Amended Pretrial Scheduling Order.

or copy of Aman's responses of the contested requests in his motion papers. Rule 37.2 of the Local Rules for the District of Minnesota provides in relevant part:

> [A]ny discovery motion . . . shall include, in the motion itself or in an attached memorandum, (a) a specification of the discovery in dispute, and (b) a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion. In the case of motions involving interrogatories, document requests or requests for admissions, the moving party's memorandum shall set forth only the particular interrogatories, document requests or requests for admissions which are the subject of the motion, the response thereto, and a concise recitation of why the response or objection is improper.

(Emphasis added).

Here, plaintiff violated Local Rule 37.2 by not providing a verbatim recitation or copy of the document requests and responses by Aman that are at issue in the motion to compel. As such, plaintiff's motion to compel is denied.

Finally, plaintiff's conclusory Motion to Amend the Amended Pretrial Scheduling Order to extend the discovery deadline is denied for failing to comply with Local Rule 16.3(b), which requires that the moving party set forth: (1) What discovery remains to be completed; (2) What discovery has been completed; (3) Why all discovery has not been completed; and (4) How long it will take to complete discovery. Plaintiff's moving papers lacked all of this information.

## II. FORMAL REQUEST FOR COURT MANDATE/ORDER TO SHOW CAUSE REGARDING SANCTIONS AGAINST DEFENDANT AMAN AND ITS REPRESENTATIVES FROM FAEGRE & BENSON, LLP

Citing to Rule 11 of the Minnesota Rules of Civil Procedure in his papers,[3] among other statutes and rules,[4] plaintiff has moved this Court for sanctions against

---

[3] Rule 11 of the Federal Rules of Civil Procedure governs plaintiff's sanctions motion.

Aman and its legal counsel for activities that appear to fall under three separate categories: (1) activities that occurred before the initiation of the present action or are the basis of the present action; (2) making false representations in pleadings in this action; (3) and discovery abuses.

As to the first category, this Court has no authority to sanction defendant or its counsel with regards to their alleged conduct in state conciliation court matters. Further, to the extent that plaintiff is complaining about Aman's conduct regarding its attempts to collect debts allegedly owed by him, this issue is the subject of plaintiff's remaining FDCPA claim in this case and is not an appropriate subject for a motion for sanctions.

Second, plaintiff's motion for sanctions relating to alleged false representations made in pleadings by Aman in the instant action must be denied as plaintiff has failed to follow the procedures set forth in Rule 11 of the Federal Rule of Civil Procedure. In particular, Federal Rule of Civil Procedure 11(c) permits sanctions where there has been a violation of Rule 11(b). Rule 11(b)(1) and (2) states that, by presenting pleadings in a case, an individual certifies that:

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely

---

[4] Specifically, plaintiff stated that he was relying on Minn. Stat. § 549.211 (2004); Minn. Civ. P. Rule 11; Rule 56(g); Minnesota Rules of General Practice for District Courts; Local Rule 83.6(d); and Minnesota Rules of Professional Conduct Rules 3.4, 4.1 and 4.3 in support of his motion. See Plaintiff's Memorandum of Law dated June 30, 2006 at p. 1.

> to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Civ. Pro. 11(b)(1) - (4).

Rule 11(c) governs the sanctions process and states, in relevant part:

> (1) How Initiated. (A) By Motion. A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, <u>but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.</u>

Fed. R. Civ. Pro. 11(c) (emphasis added). This 21-day period of time to withdraw or correct has been described as a "safe harbor."

Plaintiff did not follow the procedures required by Rule 11 for bringing a motion for sanctions. Plaintiff filed and served his motion for Rule 11 sanctions without offering any opportunity to Aman or its counsel to rectify any alleged false assertions made by them in this case. Therefore, plaintiff did not abide by the 21-day safe harbor mandated by Rule 11. Since plaintiff did not properly file his motion for Rule 11 sanctions, the Court denies the request for sanctions as it relates to alleged false representations of fact made in this case by Aman or its legal counsel.[5] <u>See</u> <u>Gordon v. Unifund CCR Partners</u>, 345 F.3d 1028, 1030 (8th Cir. 2003) (fining that a district court abuses its discretion to issue Rule 11 sanctions when a party fails to comply with procedural requirements); <u>see</u> <u>also</u> <u>Steinlage v. Mayo Clinic Rochester</u>, 235 F.R.D. 668, 671 (D.

[5] <u>See</u> <u>Schooley v. Kennedy</u>, 712 F.2d 372, 373 (8th Cir.1983) (per curiam) (citations omitted) (finding that <u>pro</u> <u>se</u> litigants are not excused from compliance with procedural and local rules).

Minn. 2006) ("Party-initiated motions for Rule 11 sanctions must comply with its procedural requirements, including the 21-day safe harbor.").

Third, this Court denies plaintiff's sanctions motion as it related to alleged discovery abuses (see Plaintiff's Affidavit in Support of Sanctions Against Defendant Aman and Faegre & Benson Attorneys dated June 30, 2006 at pp. 4, 12, 13, 14, 15), as the proper vehicle for such conduct is for a motion to compel brought in compliance with Rule 37 of the Federal Rules of Civil Procedure and the Local Rules for this District, and not a Rule 11 motion. Had plaintiff sought relief via a motion to compel, this Court could have ordered Aman to produce the discovery sought, if the motion was meritorious, and awarded plaintiff his expenses for bringing the motion if Aman's conduct was not substantially justified, or alternatively, could have sanctioned Aman and its counsel to the extent that they had failed to comply with any previous orders by this Court. See Fed. R. Civ. P. 37(a)(4), (b)(2). Instead, plaintiff improperly sought to automatically obtain a wide variety of sanctions for Aman's alleged discovery malfeasance.

For all the reasons stated above, plaintiff's motion for sanctions is denied.

J.S.M.