UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

BRIAN D. KELLY,   CIVIL NO. 03-6091 (DWF/JSM)

    Plaintiff,

v.   REPORT AND RECOMMENDATION

AMAN COLLECTION SERVICES, et al.,

    Defendants.

JANIE S. MAYERON, U.S. Magistrate Judge

The above matter came on before the undersigned upon defendant Aman Collection Services, Inc.'s Second Motion to Dismiss [Docket No. 202]. Defendant's motion was decided on the papers. This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c).

## I.   FACTUAL/PROCEDURAL BACKGROUND

This case arises out of student loans taken out by plaintiff Brian Kelly ("Kelly") between 1979 and 1983.[1] This Court previously determined that the only remaining claim recoverable by Kelly is for $1,000 for statutory damages under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k(a)(3), and the costs associated with his FDCPA claim. See January 6, 2006 Report and Recommendation [Docket No. 157] ("January 6, 2006 R & R") at pp. 5-8, as adopted by Honorable Judge Donavan Frank [Docket No. 161].

---

[1] A detailed recitation of the facts surrounding this case can be found in this Court's January 7, 2005, Report and Recommendation [Docket No. 92], as adopted by Honorable Judge Donavan Frank [Docket No. 109].

On May 18, 2005, Aman tendered to Kelly an Offer of Judgment under Rule 68 of the Federal Rules of Civil Procedure for $1,000 "plus all reasonable costs pursuant to 15 U.S.C. § 1692k(a)(3) that are attributable to Aman, to be itemized and substantiated by the plaintiff, so long as the costs do not exceed an additional $2,000." See Declaration of Erik J. Girvan (Offered in support of Aman's first Motion to Dismiss) [Docket 118], Ex. E.  In essence, Aman's Rule 68 Offer of Judgment included $1000 for the maximum statutory damages allowed under the FDCPA, and $2,000 for what Aman believed was its share of the costs incurred by Kelly in bringing this action.  Kelly refused Aman's offer of settlement, citing his discovery of additional false representations by Aman and Aman's failure to fully compensate him for his litigation expenses.  Id., Ex. F.

On June 3, 2005, Aman brought a Motion to Dismiss [Docket No. 115], arguing that this Court lacked jurisdiction over this case, as there was no existence of an actual case in controversy given its Offer of Judgment under Rule 68 of the Federal Rules of Civil Procedure.  See January 6, 2006 R & R at p. 3. The Court denied Aman's motion on the grounds that Aman's Rule 68 Offer improperly limited the costs that Kelly could recover:

> Rather than offering all that Kelly was entitled to under the FDCPA – $1000 for statutory damages and all costs of the action as provided by the statute – Aman placed a limit on the costs that Kelly could obtain.  Its offer stated that it was for "$1,000 plus all reasonable costs pursuant to 15 U.S.C. § 1692k(a)(3) that are attributable to Aman, <u>so long as such costs do not exceed an additional $2,000</u>."  See Girvan Aff., Ex. E (emphasis added).  While Aman may be correct that at the end of the day the costs to be awarded to Kelly will not exceed $2000, it may also be wrong.  "Rule 68 does not permit an offeror to choose which accrued costs he is willing to pay."  See Scheriff v. Beck, 452 F. Supp. 1254, 1260 (D. Colo. 1978).  It is for the Court, and not Aman, to decide

2

> which costs are recoverable.  See Fed. R. Civ. P. 54(d); 28 U.S.C. § 1920 (providing that a judge or clerk of any court of the United States may tax certain costs through a bill of costs); see also http://www.mnd.uscourts.gov (United States District Court District of Minnesota web site, under the General Information section, providing a procedure for submitting a bill of costs and offering an opposing party the opportunity to object to the proposed costs).
>
> Given the cap on expenses placed by Aman in its Offer of Judgment, this Court cannot say that Aman's offer would satisfy Kelly's entire claim for relief.  As such, dismissal of Kelly's remaining FDCPA claim on this basis is not appropriate.

Id. at pp. 9-10 (footnote omitted) (emphasis in original).  On January 30, 2006, Judge Frank issued an Order adopting the Report and Recommendation.  See Docket No. 161.

On June 29, 2006, Aman filed a new Offer of Judgment Pursuant to Rule 68, which provided in relevant part as follows:

> PLEASE TAKE NOTICE that defendant Aman Collection Services ("Aman") hereby offers, pursuant to Rule 68 of the Federal Rules of Civil Procedure, to allow judgment to be entered, along with a disclaimer of liability, in favor of plaintiff and against Aman in the amount of $2,000 plus costs to which plaintiff is entitled pursuant to 15 U.S.C. § 1692k(a)(3). This offer includes plaintiff's damages and costs accrued as of this date.  Plaintiff, who is *pro se*, is not entitled to recover attorney's fees.  *See, e.g., Kay v. Ehrler*, 499 U.S. 432, 435 (1991).

See Docket No. 204-2 (emphasis added).

On July 7, 2006, Kelly submitted a self-styled pleading titled "Plaintiff's Acceptance of Defendant Amans [sic] Settlement Offer Dated June 29, 2006," which provides:

> Brian Kelly ("Kelly"), plaintiff in this matter, accepts defendant Aman Collection Services Inc. ("Aman") full settlement offer understood to include:

3

Kelly R & R.doc

> That judgment be entered in this matter against Aman for continued collections without debt verification in direct violation of state and federal Fair Debt Collection Practices Acts; That a sum of $2,000.00 be paid to Kelly by Aman for statutory violations; That all costs of litigation to date be paid by Aman to Kelly; That Kelly be paid in full for damages resulting from this present claim; That monies collected during Aman's tenure as loan holder be recognized as damages and be returned with interest, from the date of attachment, to Kelly; That defendant Aman is not entitled to recover attorney's fees, costs or damages; And that Aman receive nothing from Kelly, now or in the future from this instant litigation.

See Docket No. 206.

Aman has again moved for a motion to dismiss arguing that it has remedied the deficiency identified in this Court's January 6, 2006 Report and Recommendation by offering to pay Kelly all costs he is entitled to recover under the law.  See Aman's Memorandum in Support of its Second Motion to Dismiss at p. 1.  In opposition, Kelly argued that this Court must deny Aman's motion to dismiss as moot based upon his July 7, 2006 acceptance of the Rule 68 Offer of Judgment.  See Plaintiff's Response to Aman Collection Services Second Motion to Dismiss ("Pl.'s Mem.") at p. 4.  In its reply memorandum, Aman questioned Kelly's "acceptance" of their Rule 68 Offer of Judgment given that Kelly purported to accept more than was offered by Aman.  See Aman's Reply Memorandum in Support of its Second Motion to Dismiss at pp. 1-2.  However, Aman also asserted that if this Court found that Kelly had accepted its Rule 68 Offer of Judgment, then the Clerk of Court should be directed to enter a final judgment on Kelly's remaining FDCPA claim against Aman according to the terms of the Rule 68 Offer of Judgment.  Id.

4

## II.     DISCUSSION

### A.     Standard of Review

It is Aman's position that this Court lacks jurisdiction over this case, as there is no existence of an actual case in controversy given its Offer of Judgment under Rule 68. A moving party's contention that there is no actual case or controversy amounts to the argument that there is a "'lack of jurisdiction over the subject matter.'" Carlson Holdings, Inc. v. NAFCO Ins. Co., 205 F. Supp.2d 1069, 1072 n. 5 (D. Minn. 2001) (citing Fed. R. Civ. P. 12(b)(1); Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 239-41 (1937); Medtronic, Inc. v. Mine Safety Appliances Co., 468 F. Supp. 1132, 1134 (D. Minn.1979)).

A motion to dismiss for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), may challenge the plaintiff's complaint either on its face or on the factual truthfulness of its averments. See Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993); see also Osborn v. United States., 918 F.2d 724, 729 n. 6 (8th Cir. 1990). In a facial challenge to jurisdiction, the court restricts its review to the pleadings and affords the non-moving party the same protections that it would receive under a Rule 12(b)(6) motion to dismiss. See Osborn, 918 F.2d at 729 n. 6. The court presumes that all of the factual allegations in the complaint concerning jurisdiction are true and will not dismiss the claims unless the plaintiff fails to allege an essential element for subject matter jurisdiction. See Titus, 4 F.3d at 593 (citing Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 731-32 (11th Cir. 1982)); Osborn, 918 F.2d at 729 n. 6.

In a factual challenge to jurisdiction, the court may consider matters outside the pleadings and the non-moving party does not benefit from the safeguards of 12(b)(6). See Titus, 4 F.3d 590 at 593; Osborn, 918 F.2d at 729 n.6. "In short, no presumptive

truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.  Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist."  Osborn, 918 F.2d at 730 (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F. 2d 884, 891 (3rd Cir. 1977)).

Here, because Aman is relying on facts outside of the record, Aman is making a factual challenge to this Court's jurisdiction.

**B.     Analysis**

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases'" and 'Controversies.'" United States Parole Commission v. Geraghty, 445 U.S. 388, 395 (1980).  "[A] valid offer of judgment [under Rule 68] that would satisfy a plaintiff's entire claim for relief eliminates the controversy between the parties and leaves nothing for the court to resolve, effectively mooting the action and removing jurisdiction." Jones v. CBE Group, Inc., 215 F.R.D. 558, 562 (D. Minn. 2003) (emphasis added) (dealing with claims under the FDCPA) (string citation omitted); see also Malm v. Household Bank (SB), N.A., No. Civ. 03-4340 (ADM/AJB), 2004 WL 1559370 at *3 (D. Minn. July 07, 2004).  Pursuant to Article III of the Constitution, courts are without subject matter jurisdiction over claims mooted by Rule 68 offers of judgment, where a plaintiff no longer has an interest in the litigation.  See Malm, 2004 WL 1559370 at *3 (citations omitted).

Kelly argued that Aman's motion should be denied because he had accepted Aman's Rule 68 Offer.  However, an examination of his "acceptance" showed that he did not accept Aman's offer.  Instead, he added relief not included in Aman's offer of judgment and relief to which he was not entitled to based on his Third Amended

Complaint – e.g. that he "be paid in full for damages resulting from this present claim" and that money "collected during Aman's tenure as loan holder be recognized as damages and be returned with interest." See Docket No. 206.

Having concluded that Kelly did not accept Aman's Offer of Judgment, the question then before the Court is whether Aman offered everything that Kelly was entitled to in his suit against Aman. As stated previously, this Court has found that Kelly is only entitled to statutory damages under the FDCPA and the costs associated with this claim. See January 6, 2006 R & R at pp. 5-8. Aman's offer of "$2,000 plus costs to which plaintiff is entitled pursuant to 15 U.S.C. § 1692k(a)(3)" afforded complete relief to Kelly for his remaining FDCPA claim.[2] Aman remedied the deficiency in its initial Rule 68 Offer of Judgment, as identified by this Court in its January 6, 2006 Report and Recommendation, by not placing a cap on costs to which Kelly may be entitled. As such, this Court concludes that Aman's Motion to Dismiss should be granted because its Offer of Judgment meets the maximum amount of damages and costs to which Kelly is entitled under the FDCPA, thereby effectively mooting Kelly's action against Aman and removing jurisdiction from this Court. See Jones, 215 F.R.D. at 562; see also Malm, 2004 WL 1559370 at *3 ("Sherman correctly states that its Offer of $1001, plus attorney fees and costs for Plaintiff's FDCPA claim, constitutes the maximum statutory recovery for violations of the FDCPA. Consequently, Sherman's Offer would have

---

[2] Kelly appears to be intimating that he is entitled to legal fees. See Pl.'s Mem. at p 3 n. 3. However, Kelly, who is proceeding pro se in this action, is not entitled to attorney's fees. In addition, Kelly is not entitled to lost wages allegedly arising out of the prosecution of his claims against Aman. See e.g., Hadix v. Johnson, 322 F.3d 895, 899 (6th Cir. 2003) (finding that a prevailing party is not entitled to reimbursement for lost wages or supplies and equipment purchased that were incurred by litigating their claims).

7

Kelly R & R.doc

mooted Plaintiff's FDCPA claim had it required dismissal of that claim only.") (citations omitted).

### **RECOMMENDATION**

For the reasons set forth above and based on all the files, records, and proceedings herein, including this Court's January 6, 2006 Report and Recommendation [Docket No. 157], as adopted by Honorable Judge Donavan Frank [Docket No. 161], IT IS RECOMMENDED that:

1. Defendant Aman Collection Services, Inc.'s Second Motion to Dismiss [Docket No. 202] be **GRANTED**.

2. Plaintiff's action against Defendant Aman Collection Services, Inc. be dismissed with prejudice.

Dated:        January 5, 2007

s/ *Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **January 22, 2007**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this Rules shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.