**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Brian D. Kelly,  Civil No. 03-6091 (DWF/JSM)

        Plaintiff,

v.  **ORDER**

Aman Collections Services; U.S. Department
of Education; Minnesota State Student Loan
Program; Minnesota Higher Education
Services Office; HEMAR Service Corporation;
EFS Services; and Nel Net,

        Defendants.

---

Brian D. Kelly, *Pro Se*, Plaintiff.

Charles F. Webber, Esq., and Erik J. Girvan, Esq., Faegre & Benson LLP, counsel for Defendant Aman Collections Services.

Mary L. Trippler, Assistant United States Attorney, United States Attorney's Office, counsel for Defendant U.S. Department of Education.

James P. Barone, Assistant Attorney General, Minnesota Attorney General's Office, counsel for Defendants Minnesota State Student Loan Program and Minnesota Higher Education Services Office.

Brian T. Benkstein, Esq., Felhaber Larson Fenlon & Vogt, PA, counsel for Defendants EFS Services and Nel Net.

---

The above-entitled matter is before the Court upon Plaintiff Brian D. Kelly's Procedural Questions to Presiding Judges Regarding Failure to Receive Report and Recommendation Dated January 5, 2007 and Scheduling a Hearing Regarding Judicial Review of Agency Decisions and Tax Offset; and upon Plaintiff's Objections to the

Report and Recommendation of Magistrate Judge Janie S. Mayeron dated January 30, 2007, in which Magistrate Judge Mayeron recommended that the Department of Education's Motion for Summary Judgment be granted and that Plaintiff's Third Amended Complaint be dismissed with prejudice.  For the reasons stated below, the Court denies Plaintiff's objections and affirms Magistrate Judge Mayeron's January 30, 2007 Report and Recommendation.

First, Plaintiff requests that the Court offer guidance as to how he should proceed in light of his allegations that he did not receive the Report and Recommendation ("R&R") of Magistrate Judge Mayeron dated January 5, 2007.  No objections were filed to that R&R in the time period permitted and the Court affirmed Magistrate Judge Mayeron's January 5, 2007 R&R in its order dated January 23, 2007.  In Plaintiff's "Procedural Questions...," Plaintiff essentially lays out the objections that he would have posed to the January 5, 2007 R&R if, as he alleges, he had received the January 5, 2007 R&R in time to respond.  However, even if the Court were to consider Plaintiff's objections as timely, it would not change the Court's decision to adopt Magistrate Judge Mayeron's January 5, 2007 R&R.

Second, Plaintiff requests a hearing to clarify his position regarding agency review of the administrative wage garnishment ("AWG") and failure to offer a review prior to Treasury Offset Program ("TOP") tax offsets.  The issues for which Plaintiff seeks clarification relate to Plaintiff's objections to Magistrate Judge Mayeron's January 30, 2007 R&R.  Local Rule 72.2 does not require the Court to hold a hearing on such

objections, but rather the Court may consider the record developed before the Magistrate Judge and make a *de novo* determination based on that record. L.R. 72.2(b). Here, the Court will not hold a hearing or receive additional evidence on this matter.

Finally, in his objections to the January 30, 2007 R&R, Plaintiff asserts that the Court overlooked facts from the administrative record. First, Plaintiff argues that Magistrate Judge Mayeron failed to review the entire administrative record and inappropriately based the R&R upon a partial administrative record and a supplemental record. Second, Plaintiff asserts that Magistrate Judge Mayeron mistakenly found that Plaintiff's TOP claims were time-barred by the six-year statute of limitations set forth in 28 U.S.C. § 2401. Third, Plaintiff raises a number of issues that he asserts create factual controversies barring summary judgment.

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c).

First, as to Plaintiff's assertions that Magistrate Judge Mayeron failed to review the entire record, the entire record was not necessarily relevant to the issues that were under review, namely, TOP and AWG. Moreover, Plaintiff did not submit any documents in connection with his response to the Department of Education's motion for summary judgment. Jan. 30, 2007 R&R at 3, n.2. Magistrate Judge Mayeron reviewed the records related to TOP and AWG that were before the Court and properly determined that the Department of Education did not act arbitrarily and capriciously in enforcing

3

collection through TOP and AWG.  As a result, Plaintiff's objections are respectfully rejected in this regard.

Second, the Court rejects Plaintiff's assertions that Magistrate Judge Mayeron erred in finding that his TOP claims were time-barred by the six-year statute of limitations set out by 28 U.S.C. § 2401.  Magistrate Judge Mayeron properly determined that Plaintiff's TOP claims were time-barred because they were not brought within six years from the date of offset.  The Government is correct in asserting that Plaintiff may not resurrect time-barred TOP claims by making additional or repetitive requests for review once the Department of Education made the final offset actions that this Court is now reviewing.  Def. United States' Resp. to Pl.'s Objections to the R&R, Dated Jan. 30, 2007 at 4-5.

Finally, the alleged factual disputes that Plaintiff raises do not create genuine issues of material fact to bar entry of summary judgment.

Based upon the Report and Recommendation of the Magistrate Judge, and all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED:**

1. The Report and Recommendation of Magistrate Judge Janie S. Mayeron dated January 30, 2007 (Doc. No. 231), is **ADOPTED**;

2. Plaintiff Brian D. Kelly's objections (Doc. No. 237) are **DENIED**;

3. The Department of Education's Motion for Summary Judgment (Doc. No. 196) is **GRANTED**; and

  4. Plaintiff's Third Amended Complaint (Doc. No. 17) is **DISMISSED WITH PREJUDICE.**

  **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  March 23, 2007   <u>s/Donovan W. Frank</u>
            DONOVAN W. FRANK
            Judge of United States District Court